**SCHNADER HARRISON SEGAL &**
**LEWIS LLP**
Lisa J. Rodriguez
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1165
Telephone: (856) 482-5222
Facsimile: (856) 482-6980

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Kara M. Wolke
Alexa Mullarky
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Lead Plaintiff Charles Frischer*
*and the Proposed Plaintiff Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARLAN ZACHARIA, Individually and on Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>     v.<br><br>STRAIGHT PATH COMMUNICATIONS, INC., DAVIDI JONAS, AND JONATHAN RAND,<br><br>                   Defendants. | Case No. 2:15-cv-08051-JMV-MF<br><br><br>**REPLY IN FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION TO STRIKE** |

Lead Plaintiff Charles Frischer ("Plaintiff" or "Lead Plaintiff"), by and through his attorneys, respectfully submits this reply in further support of his Motion to Strike (Dkt. No. 47).

## I.   **INTRODUCTION**

Defendants'[1] Opposition to Plaintiff's Motion to Strike (Dkt. No. 50, "Defs. Opp. MTS") fails to acknowledge that the documents Plaintiff is seeking to strike are relied upon by Defendants to contest the well pleaded allegations in the Amended Class Action Complaint (Dkt. No. 40, the "Complaint") – a tactic which is not permitted on a motion to dismiss under any standard. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Defendants improperly offer Exhibit 7, a chart purporting to summarize Defendants' supposed risk disclosures, as support for their argument that the PSLRA safe harbor doctrine absolves them from liability. *See* Joint Memorandum of Law in Support of Defendants' Motion to Dismiss (Dkt. No. 42-1, "Defs. MTD"), at 21.  Not only does Defendants' attempt to use Exhibit 7 to show that "all of the statements Plaintiff alleges to be false and misleading…were accompanied by safe-harbor cautionary language" (*id.*) violate Local Rule 7.2(a) as impermissible additional legal argument or summations set forth in a declaration, it violates page limitations set forth in Local Rules 7.2(b) and 7.2(d).

Defendants also improperly offer Exhibit 8, an extraneous news article entitled "Sahm Adrangi's 180%," for "context" of the press coverage that Kerrisdale Capital ("Kerrisdale") purportedly received during the Class Period and investors' knowledge of the same. Defs. MTD at 36-37. Defendants' attempt to use this extraneous article to argue for a competing inference to that alleged in the Complaint – *i.e.*, to argue, somehow, that the Kerrisdale Report did not constitute a corrective disclosure (Defs. MTD at 2 n.3, 36-37, n.13) – is improper on a motion to dismiss.

In sum, Plaintiff's limited motion to strike should be granted in its entirety.

---

[1] The term Defendants includes Straight Path Communications, Inc. ("Straight Path" or the "Company"), Davidi Jonas ("Jonas"), and Jonathan Rand ("Rand"). Unless otherwise noted, all capitalized terms herein have the same meaning as set forth in Plaintiff's Opposition to Defendants' Motion to Dismiss ("Plff. Opp MTD", Dkt. No. 46).

### III. <u>ARGUMENT</u>

#### A. **Exhibit 7 Should Be Stricken**

Exhibit 7 should be stricken because it contains legal arguments and summations that are prohibited from inclusion in a declaration by Local Rule 7.2(a), impermissibly asks the Court to consider evidence out of context, and exceeds page limitations proscribed in Local Rules 7.2(b) and 7.2(d). When deciding a 12(b)(6) motion to dismiss, a court may consider a "document *integral to or explicitly relied upon* in the complaint" (*In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)), as well as "facts appropriate for judicial notice," such as SEC filings (*Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014)). However, a court may not consider legal or factual arguments set forth in affidavits and declarations. *See* Local Rule 7.2(a).

Here, Defendants attempt to disguise their improper inclusion of additional argument in Exhibit 7 as a mere regurgitation of SEC filings. *See* Defs. Opp. MTS, at 3. To that end, Defendants argue that the risk disclosures within Exhibit 7 were cited verbatim from the Company's SEC filings. However, Defendants expressly rely upon Exhibit 7 to argue that the PSLRA safe harbor absolves them from liability. Defs. MTD at 21. In so doing, Defendants not only request that the Court reach a legal conclusion regarding the application of the safe harbor doctrine – which Plaintiff alleges does not apply for a variety of reasons, including, *inter alia*, that challenged statements were not forward-looking and the supposed cautionary language was not meaningful in light of the facts alleged – but also pulls the disclosures dangerously out of context. By only including excerpts of the SEC filings, Defendants ask the Court to consider these statements without reference to the context, and conclude based upon the text in the chart that Defendants met their disclosure duties under the PSLRA. The inclusion of such argument is impermissible under Local Rule 7.2(a), and improperly massages the facts in a manner unfavorable to Plaintiff. *See Burlington Coat Factory*, 114 F.3d at 1420 ("A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and *viewing them in the light most favorable to plaintiff*, plaintiff is not entitled to relief.") (emphasis added).

2

Indeed, contrary to Defendants' argument that Exhibit 7 shows the inclusion of meaningful cautionary language to support dismissal under the safe harbor doctrine, the language cited in Exhibit 7 only underscores a finding that Defendants' supposed disclosures were wholly boilerplate and utterly meaningless. *None* of the supposed "cautionary language" recited in Exhibit 7 relates specifically – or even generally – to the material facts that Plaintiff alleges Defendants omitted and misrepresented, *i.e.*, that the Licenses had been fraudulently renewed, that Straight Path was not providing substantial service in violation of FCC rules and regulations, and that the Licenses were subject to termination throughout the Class Period. *See generally* Plff. Opp MTD at 21-24. Rather, Exhibit 7 merely consists of a collection of wholly boilerplate forward-looking statement identifiers; as such, Exhibit 7 does not command dismissal.

Additionally, the inclusion of Exhibit 7 significantly lengthens Defendants' arguments in support of their motion to dismiss, in contravention of the page limit requirements of Local Rules 7.2(b) & (d). For these reasons, Exhibit 7 should be stricken.

### B.    Exhibit 8 Should be Stricken

Exhibit 8 should be stricken because it is an extraneous document that does not qualify under any exceptions for consideration on a motion to dismiss and Defendants have impermissibly asked the Court to consider it for its content in support of a factual inference at odds with the Complaint.

In deciding a Rule 12(b)(6) motion to dismiss, a court may consider an exhibit that is not explicitly referenced in the complaint *if* the plaintiff's claims are *based on* the exhibit. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A court may also take judicial notice of a published news article *if* the accuracy of the publication "cannot be questioned." *In re Processed Egg Prod. Antitrust Litig*., No. 08-MD-02002, 2011 WL 5980001, at *6 (E.D. Pa. Nov. 30, 2011) (citation omitted). However, courts should *not* consider the content of an extraneous news article to reach a legal conclusion or resolve a contested factual matter at the motion to dismiss stage. *See In re Enzymotec Sec. Litig.*, No. CV145556JLLMAH, 2015 WL 8784065, at *15 (D.N.J. Dec. 15, 2015) (refusing to consider content of news article to determine whether truth on the market defense applied); *Benak ex rel. Alliance Premier Growth Fund v.*

*Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 n.15 (3d Cir. 2006) (holding that judicial notice of articles is proper, but consideration of their contents for truth is improper); *Processed Egg Prod.*, 2011 WL 5980001, at *6 ("[I]f the Court took judicial notice of the articles, however, the Court would not at this stage consider the documents for the truth of the information contained therein.").

Here, Plaintiff's claims do not rely on the news article, nor does Plaintiff reference the news article in the Complaint. Defendants admit as much by asserting that Exhibit 8 will nevertheless provide the Court with "helpful context" of the press coverage that Kerrisdale receives. *See* Defs. Opp. MTS at 5 ("Defendants submit that the Article Exhibit provides the Court with helpful context as to Plaintiff's failure to adequately allege the required causation"). Here, Defendants offer Exhibit 8 in support of their erroneous legal argument that loss causation cannot be alleged based upon reaction to a short seller report (*see* Defs. MTD at 36-38) and to argue for the competing factual determination that it was the mere publication of the Kerrisdale Report, rather than the information it revealed, that caused Straight Path's stock to drop (*see* Defs. Opp. MTS at 4-5). Contrary to Defendants' arguments, Plaintiff clearly alleges that the *content* of the Kerrisdale Report (*i.e.*, the corrective disclosures contained therein) caused the significant stock price drop on October 29, 2015. *See* Complaint ¶¶ 9, 137-38, 257. Thus, not only are Defendants wrong on the law of loss causation (*see* Plff. Opp MTD at 40-42), their explanation that they intend to use the article "[t]o give context to the press coverage Kerrisdale receives" – in fact, to argue extraneous facts for the application of a competing factual inference against Plaintiff's loss causation allegations – demonstrates that their proffered use of Exhibit 8 is improper. Indeed, *even if* the Court were to consider the article, it may only recognize its existence, and not consider it for the purpose of determining whether Defendants have proven a legal element or defense. *See Benak*, 435 F.3d at 401 n.15.

## V.   CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that Defendants' Exhibits 7 and 8 be stricken from the record.

Dated:  October 31, 2016                    Respectfully submitted,


                                            **SCHNADER HARRISON SEGAL & LEWIS
                                            LLP**


                                            By:  _s/ Lisa J. Rodriguez_
                                            Lisa J. Rodriguez
                                            Woodland Falls Corporate Park
                                            220 Lake Drive East, Suite 200
                                            Cherry Hill, NJ 08002-1165
                                            Telephone: (856) 482-5222
                                            Facsimile: (856) 482-6980

                                            _Liaison Counsel for Lead Plaintiff and the
                                            Proposed Plaintiff Class_

                                            **GLANCY PRONGAY & MURRAY LLP**
                                            Robert V. Prongay
                                            Kara M. Wolke
                                            Alexa Mullarky
                                            1925 Century Park East, Suite 2100
                                            Los Angeles, California 90067
                                            Telephone:  (310) 201-9150
                                            Facsimile:  (310) 201-9160

                                            _Lead Counsel for Lead Plaintiff and the Proposed
                                            Plaintiff Class_